[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14350

_____

In re: HOWARD AVENUE STATION, LLC,

Debtor.

_____

HOWARD AVENUE STATION, LLC,

Plaintiff-Appellee,

THOMAS ORTIZ,

Interested Party-Appellee,

*versus*

FRANK KANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cv-02491-WFJ,
8:12-bk-08821-CPM

_____

Before GRANT, TJOFLAT, Circuit Judges, and HUFFAKER,* District Judge.

PER CURIAM:

Several years ago, appellant Frank Kane (the "Landlord") leased certain commercial real property to Howard Avenue Station, LLC (the "Tenant"). In 2012, after Tenant allegedly failed to meet his rental obligation, Landlord brought an eviction proceeding against Tenant in a Florida state court. Tenant responded by seeking relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court of the Middle District of Florida. Landlord moved the Bankruptcy Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to enforce his rights in state court, and alternatively, to compel Tenant to pay all post-petition rent and make monthly adequate protection payments of $21,400. The Bankruptcy Court granted Landlord's alternative motion.

---

* Honorable R. Austin Huffaker, United States District Judge for the Middle District of Alabama, sitting by designation.

21-14350               Opinion of the Court                    3

In 2019, Tenant moved the Bankruptcy Court for leave to abate these rental payments after the City of Tampa ordered Tenant to vacate the property because it was unfit for human habitation. The Bankruptcy court granted the motion on July 12, 2019, pursuant to Florida Statute § 83.201.[1] In its order, the Bankruptcy Court stated that "[a]dequate protection payments are abated until the required repairs have been made . . . at which time any

---

[1] Florida Statute § 83.201 provides:

> When the lease is silent on the procedure to be followed to effect repair or maintenance and the payment of rent relating thereto, yet affirmatively and expressly places the obligation for same upon the landlord, and the landlord has failed or refused to do so, rendering the leased premises wholly untenantable, the tenant may withhold rent after notice to the landlord. The tenant shall serve the landlord, in the manner prescribed by s. 83.20(3), with a written notice declaring the premises to be wholly untenantable, giving the landlord at least 20 days to make the specifically described repair or maintenance, and stating that the tenant will withhold the rent for the next rental period and thereafter until the repair or maintenance has been performed. The lease may provide for a longer period of time for repair or maintenance. Once the landlord has completed the repair or maintenance, the tenant shall pay the landlord the amounts of rent withheld. If the landlord does not complete the repair or maintenance in the allotted time, the parties may extend the time by written agreement or the tenant may abandon the premises, retain the amounts of rent withheld, terminate the lease, and avoid any liability for future rent or charges under the lease. This section is cumulative to other existing remedies, and this section does not prevent any tenant from exercising his or her other remedies.

withheld rent and/or adequate protection payments shall be paid." Fourteen days later, Thomas Ortiz, Tenant's sole member, moved the Bankruptcy Court for rehearing or modification of the July 12 order. Ortiz asked that the order be modified to provide that Tenant was relieved of its obligation to pay any back rent if the leased premises were repaired. The Bankruptcy Court denied this motion in an order entered on August 28, 2019.

Tenant appealed the July 12 and August 28 orders to the District Court. In response to Tenant's argument that it should not be obligated to pay back rent upon reoccupying the buildings, the District Court recognized the obvious. That is, if Tenant reoccupies the building, Tenant will have a claim against Landlord for the damages it sustained while deprived of the use of the leased premises. And requiring Tenant to pay the back rent in advance of a determination of such damages—presumably in the form of a setoff or counterclaim—would be inequitable. The District Court affirmed the Bankruptcy Court's orders in part (concerning the abatement of rent due while the leased premises were inhabitable) and reversed it in part (concerning the requirement that Tenant pay the back rent upon resuming possession of the premises). [*Id.*]

Landlord appeals the District Court's decision. It seeks an affirmance of the Bankruptcy Court's decision—specifically, the requirement that Tenant pay back rent upon reentering the leased premises. We are persuaded that, in the interests of equity, the

21-14350                Opinion of the Court                5

District Court's solution is just and reasonable. Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] The motion of Thomas Ortiz to dismiss this appeal for lack of jurisdiction is denied. The motion of Frank Kane to dismiss Thomas Ortiz as a party to this appeal is also denied.